IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ESTATE OF MARIE A. MERKEL, §
MATTHEW R. POLLARD, §
Independent Executor, §
 §
 Plaintiff, §
 § Civil Action No. 3:06-CV-1891-D
VS. §
 §
UNITED STATES OF AMERICA and §
RUPERT M. POLLARD, §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Estate of Marie A. Merkel (the "Estate") moves the court to reconsider its decision granting in part defendant Rupert M. Pollard's ("Pollard's") motion for summary judgment and denying the Estate's motion for summary judgment. *See Estate of Merkel v. Pollard*, 2008 U.S. Dist. LEXIS 57687 (N.D. Tex. July 29, 2008) (Fitzwater, C.J.) ("*Merkel I*"). For the reasons that follow, the court denies the motion.

I

The relevant background facts and procedural history are set out in *Merkel I* and need not be repeated. *See id.* at *1-*3. The Estate seeks a judicial declaration that Pollard has no interest in certain property—the "Beverly House"—allegedly owned by the Estate. One of the central disputes in this case is whether Pollard and the Estate's decedent, Marie A. Merkel ("Merkel"), were divorced at the time of Merkel's death. Arguing that they were,

the Estate relies on a divorce decree that was entered in 1996 but was later reversed on appeal. *See Pollard v. Merkel,* 1999 WL 72209, at *1 (Tex. App. Feb. 12, 1999, no pet.) (not designated for publication) ("*Pollard I*"). The Estate maintains that Merkel and Pollard remained divorced, despite this reversal, because *Pollard I* applied only to the division of marital property, not to the marital status of Merkel and Pollard. In *Merkel I* the court disagreed. *See Merkel I,* 2008 U.S. Dist. LEXIS 57687, at *7-*8. It explained that "'the division of a marital estate is not a claim severable from the rest of a divorce proceeding,'" *id.* at *5 (quoting *Dawson-Austin v. Austin*, 968 S.W.2d 319, 324 (Tex. 1998)), and that, because there was never a final disposition of the property issues before Merkel's death, the divorce could never have become final, *id.* at *6-*8.

In its motion for reconsideration, the Estate maintains that the authorities relied on in *Merkel I* pertain only to a trial court's authority to sever the divorce and marital property issues, and that an appellate court in fact has the authority to affirm and sever the issue of divorce before partially remanding the case for a division of the property alone.

II

The court recognizes that some Texas cases support the premise that an "appellate court does have the authority to affirm and sever the issue of divorce and remand for re-division of the

- 2 -

property alone." *Herschberg v. Herschberg,* 994 S.W.2d 273, 277 (Tex. App. 1999, no pet.) (citing *In re Marriage of Knighton*, 685 S.W.2d 719, 723 (Tex App. 1984, no writ) (on rehearing)). But the decisions that support this principle all involved reversals that explicitly affirmed the divorce issue while remanding the property division (or other) issue. *See McKnight v. McKnight*, 543 S.W.2d 863, 864, 868 (Tex. 1976) ("The judgment of the court of civil appeals is reversed and the cause is remanded to the trial court for division of the property. In all other respects the judgment of the court of civil appeals is affirmed."); *Herschberg*, 994 S.W.2d at 275 ("We affirm the trial court's judgment granting the divorce. We reverse the rest of the judgment and remand the case to the trial court for a jury trial." (internal quotation marks omitted) (quoting prior opinion of court of appeals); *Knighton*, 685 S.W.2d at 723 ("[The] motion for rehearing is granted to the extent that the portion of the trial court's judgment granting the divorce and dividing the marital property of the parties is affirmed. The portion of the trial court's judgment determining conservatorship of the minor children of the parties is reversed and the case is remanded for retrial of all issues pertinent to conservatorship, possession and support of the children."); *Roach v. Roach*, 672 S.W.2d 524, 532 (Tex. App. 1984, no writ) ("[T]hat part of the trial court's judgment decreeing that [the parties] . . . are divorced is affirmed; otherwise, the judgment is reversed and the

cause remanded to the trial court.). But the decision of the court of appeals in *Pollard I* did not affirm the divorce decree and remand the property division. Instead, the court of appeals "reverse[d] the trial court's *judgment* and remand[ed] *this cause* for further proceedings." *Pollard I,* 1999 WL 72209, at *3 (emphasis added). Its contemporaneous judgment contained the same unqualified language. *See* Pollard App. Ex. B(5) (judgment) ("[T]he *judgment* of the trial court is REVERSED and *this cause* is REMANDED to the trial court for further proceedings." (italicized emphasis added; other emphasis omitted)).

The Estate argues that *Pollard I* severed the issues *implicitly* because it lacked jurisdiction to consider the divorce portion of the judgment. The Estate cites *Grossnickle v. Grossnickle,* 935 S.W.2d 830, 849 (Tex. App. 1996, writ denied), which held that "[a]n appellate court's jurisdiction is limited to the matters designated in the notice of limitation of appeal." *Id.* (relying on Tex. R. App. P. 40(a)(4) (repealed Sept. 1, 1997)). Although the Estate acknowledges that Pollard never actually filed a notice of limitation of appeal, it contends that the same result was achieved when Pollard admitted in an appellate brief that he was not contesting the divorce. The court disagrees.

The rule of procedure on which *Grossnickle* relies, and which

- 4 -

governed *Pollard I*,[*] provided:

> Notice of Limitation of Appeal. No attempt to limit the scope of an appeal shall be effective unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on all other parties to the trial court's final judgment within fifteen days after judgment is signed[.]

Tex. R. App. P. 40(a)(4) (repealed Sept. 1, 1997). In other words, the only way Pollard could have limited the scope of the appeal under Rule 40(a)(4) was by filing the notice. *See id.* Because Pollard did not do this, nothing in former Rule 40(a)(4) could have restricted the *Pollard I* court's jurisdiction.

The Estate also cites *Kang v. Hyundai Corp. U.S.A.*, 992 S.W.2d 499 (Tex. App. 1999, no pet.), which holds that a party's "[f]ailure to cite any authority [in his brief] constitutes a waiver of the alleged error." *Id.* at 503. But the mere waiver of an issue on appeal does not operate to divest the court of appeals of *jurisdiction* over that issue (and thus require severance). If it did, courts of appeals would lack the discretion to consider an issue that has been waived. *See, e.g., Fredonia State Bank v. Gen. Am. Life. Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("[It] is the settled rule that an appellate court has some discretion to choose between deeming a point waived and allowing amendment or

---

[*]This Rule governed *Pollard I* because the appeal was taken before the Rule was repealed on September 1, 1997. *See Russell v. Panhandle Producing Co.*, 975 S.W.2d 702, 710 (Tex. App. 1998, no pet.).

rebriefing[.]"). Lacking jurisdiction, they would be precluded from considering the waived error.

Because the issue of divorce was never excluded from the *Pollard I* court's jurisdiction, it could not have been implicitly affirmed by the general remand order. *See Grossnickle,* 935 S.W.2d at 849-50 (holding that general remand order did not implicitly affirm issue of attorney's fees, even though the issue was not raised or discussed on appeal, because notice of limitation did not exclude issue). The court therefore disagrees with the Estate that the *Pollard I* court implicitly affirmed the divorce decree. The record reflects that the court of appeals in *Pollard I*, unlike other Texas courts that have affirmed divorce decrees and remanded property division issues to the trial court, did not do so. This court therefore adheres to its decision in *Merkel I* that Merkel and Pollard were not divorced prior to her death.

\* \* \*

The Estate's August 1, 2008 motion for reconsideration is denied.

**SO ORDERED.**

August 6, 2008.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　CHIEF JUDGE