```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION
```

ESTATE OF MARIE A. MERKEL,       §
MATTHEW R. POLLARD,              §
Independent Executor,            §
                                 §
                Plaintiff,       §
                                 § Civil Action No. 3:06-CV-1891-D
VS.                              §
                                 §
UNITED STATES OF AMERICA and     §
RUPERT M. POLLARD,               §
                                 §
                Defendants.      §

                    MEMORANDUM OPINION
                        AND ORDER

Defendant-counterplaintiff Rupert M. Pollard ("Pollard") moves to modify the scheduling order and for leave to amend pleadings. For the reasons set forth below, the court grants the motions.

I

Because this case is the subject of prior opinions, the court need only briefly summarize the pertinent procedural history.

On July 29, 2008 the court held that Pollard owns a one-half community property interest in real property—the "Beverly House"—in which plaintiff Estate of Marie A. Merkel ("the Estate") had contended that Pollard had no property interest. *See Estate of Merkel v. United States*, 2008 WL 3152986 (N.D. Tex. July 29, 2008), *reconsideration denied*, 2008 WL 3152974 (N.D. Tex. Aug. 6, 2008) (Fitzwater, C.J.).[1] After the court filed its memorandum opinion

---

[1]There is still a pending dispute, however, over whether Pollard still has homestead rights in the Beverly House after having vacated the property. *See Estate of Merkel*, 2008 WL

and denied reconsideration, Pollard filed on August 21, 2008 motions seeking leave to amend his pleadings and to modify the scheduling order. In the motion for leave to amend, Pollard seeks to file an amended answer and counterclaim requesting relief in the form of a judgment declaring and imposing a constructive trust on the assets in the undivided marital estate, including, but not limited to, the Beverly House. He also seeks relief ordering the Estate to make restitution for the value of the use of the property and to convey to him legal title of the Beverly House. The motion to modify the scheduling order seeks the same relief.

On September 16, 2008, presumably in an attempt to rectify a defect that the Estate pointed out in response to Pollard's original motions, he filed another motion for leave to amend pleadings that is nearly identical to the August 21 motion for leave. Because this motion does not rectify the defect, is nearly identical to the August 21 motion for leave, and does not offer sufficient reasons for filing a duplicative motion, the court denies the September 16 motion and addresses together the two motions filed August 21, 2008.

---

3152986, at *3-*4.

II

When the deadline for seeking leave to amend pleadings has expired,[2] a court considering a motion to amend must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

III

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). Applying these factors, the court concludes that Pollard has shown good cause and thus grants

---

[2]Under the scheduling order, the deadline for filing a motion for leave to amend pleadings expired May 8, 2007.

- 3 -

his motion for leave to amend.

First, the court did not conclude that Pollard owned an interest in the Beverly House until after the deadline for seeking leave to amend pleadings had expired. Although it can reasonably be argued that Pollard should have requested a constructive trust in his earlier pleadings, the need to do so was not entirely clear until after the court filed its opinion. Pollard's explanation for not meeting the scheduling order's deadline is therefore satisfactory.

Second, the amendment is important to the case. As Pollard contends, the imposition of a constructive trust would help ensure that the Estate conveys to him legal title to the Beverly House. The Estate argues that the amendment is unnecessary because there is already a notice of *lis pendens* filed on the Beverly House. There is a difference, however, between a notice of *lis pendens*, which provides notice and prevents the house from being sold without addressing Pollard's cause of action, and a constructive trust, which would ensure that Pollard receives legal title to the Beverly House.

Third, no unfair prejudice would result from the amendment. Pollard seeks to add a remedy to the pleadings, not a new cause of action. Allowing the amendment will not necessitate additional discovery, nor should it cause delay. The Estate does not identify any unfair prejudice that would result from granting Pollard's

motion for leave.

Because the court concludes that no unfair prejudice will result, the fourth factor is inapplicable.

Assessing the factors together, the court concludes that Pollard has demonstrated good cause to modify the scheduling order to allow him to file the amended pleading.

IV

Under the more liberal standard of Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Rule 15(a)(2).

A

The Estate maintains that the court should deny leave to amend because the court cannot impose a constructive trust on the Beverly House. It contends that the court lacks jurisdiction to administer the estates of decedents or to disturb the administration of an estate pending in Texas probate court. The court construes this as a futility argument, because the Estate is arguing that the court could not grant the requested relief even if the amendment were allowed. The court may deny a motion for leave to amend where the amendment would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000).

The Estate provides little support for this argument, however, and the court is unable to conclude that the amendment would

clearly be futile.[3] The court discerns no other compelling reason for denying leave to amend under Rule 15(a)(2).

B

The Estate also argues that Pollard's motion should be denied because he failed to comply with N.D. Tex. Civ. R. 15.1.  Rule 15.1(a), which applies to amended pleadings that will be filed on paper,[4] provides that "the party must attach a copy of the proposed amended pleading as an exhibit to the motion."[5]  Although Pollard did submit a copy of the proposed amended pleading to the court, he neither attached it as an exhibit to the motion nor served the

---

[3]This conclusion does not preclude the Estate from raising this argument in an appropriate trial motion.

[4]Although amended Rule 15.1(a) took effect September 1, 2008, it applies to this case because it is just and practicable to apply it to this pending civil action.  So far as pertinent to the present motion, the version that took effect September 1, 2008 is not materially different from the prior version.

[5]Rule 15.1(a):

> (a) When Filed on Paper.  When a party files a motion for leave to file an amended pleading that, if leave is granted, will be filed on paper, the party must attach a copy of the proposed amended pleading as an exhibit to the motion.  The party must also submit with the motion an original and a judge's copy of the proposed pleading.  The original and judge's copy must neither be physically attached to the motion nor made exhibits to the motion.  The original of the proposed pleading must contain the original signature of the signing attorney.  If leave is granted, the clerk will file the original of the amended pleading.

(Bold font omitted).

Estate's counsel with a copy.  The court concludes, however, that this failure to comply with Rule 15.1 does not warrant denying Pollard's motion.  The motion itself gave the Estate sufficient notice so that it could properly respond.  In fact, the proposed amendment to the pleadings—a request for imposition of a constructive trust—is included almost verbatim in the motion for leave.  That said, after Pollard files his amended pleading, if the Estate can establish that it did not have a fair opportunity to respond properly to Pollard's motion for leave, it may move for relief from the granting of leave, provided it does so within 14 days of the date this memorandum opinion and order is filed.[6]

\*     \*     \*

For the foregoing reasons, Pollard's August 21, 2008 motions to modify scheduling order and for leave to amend pleadings are granted.  Pollard must file his second amended answer and counterclaim—electronically or on paper—within five business days

---

[6]This option is in addition, of course, to the right to challenge the merits of the amended pleading under Rule 12(b)(6) or Rule 12(c) or on any other basis provided under the Federal Rules of Civil Procedure.

of the date this memorandum opinion and order is filed.  His September 16, 2008 motion for leave to amend pleadings is denied.

**SO ORDERED.**

October 10, 2008.

                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE