IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ESTATE OF MARIE A. MERKEL,      §
MATTHEW R. POLLARD,             §
Independent Executor,           §
                                §
                Plaintiff,      §
                                § Civil Action No. 3:06-CV-1891-D
VS.                             §
                                §
UNITED STATES OF AMERICA and    §
RUPERT M. POLLARD,              §
                                §
                Defendants.     §

MEMORANDUM OPINION
AND ORDER

Plaintiff Estate of Marie A. Merkel ("the Estate") moves to

dismiss a counterclaim asserted by defendant-counterplaintiff

Rupert M. Pollard ("Pollard") for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be

granted.  For the following reasons, the court denies the Estate's

motion.[1]

I

Because this case is the subject of several prior opinions,

the court need only briefly summarize the pertinent background

facts and procedural history.  The United States of America (the

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[ ] issued by the
court" because it "sets forth a reasoned explanation for [the]
court's decision."  It has been written, however, primarily for the
parties, to decide issues presented in this case, and not for
publication in an official reporter, and should be understood
accordingly.

"government") filed multiple liens against a residence (the "Beverly House") based on Pollard's tax liabilities. The Estate then brought this action against the government and Pollard to quiet title to the Beverly House, maintaining that the Estate owns the house and that Pollard has no interest in it. The court held that Pollard owns a one-half community property interest in the Beverly House. *Estate of Merkel v. United States*, 2008 WL 3152986, at *3 (N.D. Tex. July 29), *reconsideration denied*, 2008 WL 3152974 (N.D. Tex. Aug. 6, 2008) (Fitzwater, C.J.). After the court issued this ruling, Pollard sought and obtained leave to amend. *Estate of Merkel v. United States*, 2008 WL 4566477, at *3 (N.D. Tex. Oct. 10, 2008) (Fitzwater, C.J.). Pollard then filed a second amended answer and counterclaim for declaratory judgment.

The Estate now moves to dismiss the following newly-asserted counterclaim in which Pollard asks the court to impose a constructive trust:

> Pollard further requests that this Court enter a judgment imposing a constructive trust upon the assets of the heretofore undivided marital community property, including but not limited to the Beverly House, and that the Executor as constructive trustee of the Beverly House be ordered to make restitution of the value of the use of the property and to convey legal title to Pollard.

D. 2d Am. Answer & Countercl. ¶ 70. The Estate contends that this request for imposition of a constructive trust should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction because it falls within the probate exception to federal jurisdiction. It also asserts that the request should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

II

The probate exception to federal jurisdiction is a judge-made exception that precludes federal courts from interfering with probate proceedings. *Markham v. Allen*, 326 U.S. 490, 494 (1946). The *Markham* Court held that federal courts have jurisdiction over claims "in favor of creditors, legatees, and he[ir]s and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (internal quotation marks omitted). Recently, the Court reiterated that the probate exception should be construed narrowly, and it attempted to clarify its scope. *See Marshall v. Marshall*, 547 U.S. 293, 310-12 (2006). *Marshall* concluded that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12. The Court emphasized, however, that "it does not bar federal courts from adjudicating matters outside those confines and otherwise within

federal jurisdiction." *Id.* at 12.

                                  III

When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make either a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the party merely brings a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading, assuming them to be true. *Id.* If the allegations are sufficient to allege jurisdiction, the court must deny the motion. *Id.* A party may make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, 2006 WL 954010, at *1 (N.D. Tex. Apr. 12, 2006) (Fitzwater, J.) (citing *Paterson*, 644 F.2d at 523). When a movant provides evidence factually attacking subject matter jurisdiction, the party attempting to invoke jurisdiction must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *Id.*

The court treats the Estate's motion to dismiss as a facial attack because it has not provided any evidence, such as affidavits or testimony, challenging a factual matter that bears on jurisdiction.[2] Thus the court looks only to Pollard's

_____

[2]The Estate has attached two exhibits to its motion to dismiss. It does not present evidence, however, challenging a factual matter that bears on subject matter jurisdiction. *See id.*

counterclaim. *See id.; Paterson*, 644 F.2d at 523. Pollard seeks a judgment "imposing a constructive trust upon the assets of the heretofore undivided marital community property, including but not limited to the Beverly House." D. 2d Am. Answer & Countercl. ¶ 70. The Estate interprets this counterclaim as seeking the imposition of a constructive trust on both the Beverly House and other personal property, and it contends that this request implicates the probate exception to federal jurisdiction.

Pollard's counterclaim does not necessarily fall within the probate exception. The probate exception precludes federal courts from probating a will, administering a decedent's estate, and disposing of property that is in the custody of a state probate court. *See Marshall*, 547 U.S. at 311-12. Pollard's counterclaim does not request that the court perform any of these functions. Accordingly, the Estate has failed to show that the court lacks subject matter jurisdiction over Pollard's counterclaim.[3]

---

(holding that, although plaintiff submitted affidavits in support of motion to dismiss, they did not challenge factual matter bearing on jurisdiction).

[3]There is no indication in Pollard's counterclaim that the Beverly House or other undivided marital community property is in the custody of a state probate court. And as stated above, the Estate offered no evidence with its motion indicating that any of the property is in the custody of a probate court. The court notes, however, that if evidence presented at trial shows that any of the subject property is in the custody of a state probate court, the probate exception may preclude the court from imposing a constructive trust on that property.

The Estate also moves to dismiss Pollard's counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, [Pollard] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). The Estate's only argument is that Pollard has not stated a claim to relief that can be granted because the court does not have jurisdiction to grant the relief, presumably because of the probate exception. As the court has already held, the Estate has failed to show that Pollard's counterclaim falls within the probate exception and that the court lacks jurisdiction to grant the requested relief. Moreover, the court is unaware of any other reason that would preclude Pollard from obtaining the relief he seeks.

* * *

The Estate's November 6, 2008 motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted is denied.

**SO ORDERED.**

December 23, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE