```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION
```

ESTATE OF MARIE A. MERKEL,    §
MATTHEW R. POLLARD,           §
Independent Executor,         §
                              §
              Plaintiff,      §
                              § Civil Action No. 3:06-CV-1891-D
VS.                           §
                              §
UNITED STATES OF AMERICA and  §
RUPERT M. POLLARD,            §
                              §
              Defendants.     §

                    MEMORANDUM OPINION
                        AND ORDER

Following a jury verdict finding that plaintiff-counterdefendant Estate of Marie A. Merkel ("the Estate") failed to prove that defendant-counterplaintiff Rupert M. Pollard ("Pollard") abandoned his homestead interest in the residence that is the subject of this lawsuit (the "Beverly House"), the court decides the carried motions in this case and addresses Pollard's counterclaim for a constructive trust in light of the verdict. For the reasons that follow, the court enters judgment today partly in favor of Pollard, and it denies all relief that the Estate seeks.

                              I

The relevant background facts are set out in several prior opinions in this case and need not be repeated. *See, e.g., Estate of Merkel v. United States*, 2008 WL 3152986, at *1 (N.D. Tex. July 29), *reconsideration denied*, 2008 WL 3152974 (N.D. Tex. Aug. 6, 2008) (Fitzwater, C.J.). Additionally, the parties tried to a jury

the Estate's affirmative defense that Pollard had abandoned his homestead interest in the Beverly House. The jury returned a verdict in Pollard's favor, finding that the Estate had failed to prove abandonment. Prior to trial, the Estate filed three motions that the court carried with the case.[1] *See Estate of Merkel v. United States*, No. 3:06-CV-1891-D, order at 1-2 (N.D. Tex. Jan. 13, 2009) (Fitzwater, C.J.) (unpublished order). Pollard requested in his counterclaim that the court impose a constructive trust. Because this request for relief is to be decided by the court, it was not submitted to the jury at trial. The carried motions and the request for a constructive trust are before the court for decision.[2]

II

The court first considers whether it should impose a constructive trust on the Beverly House, as Pollard requests in his

---

[1]These motions are the Estate's December 30, 2008 motion for reconsideration of plaintiff's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, as supplemented by a January 6, 2009 filing; January 6, 2009 motion to stay defendant's counterclaims; and January 6, 2009 second motion for reconsideration of the court's ruling on summary judgment.

[2]Pollard has not yet had the opportunity to file opposition briefs to the Estate's carried motions, and the Estate has not been able to file a brief in opposition to Pollard's request for a constructive trust. Because the court is denying the Estate's motions and Pollard's request, it need not await the filing of opposition briefs before entering its rulings.

second amended answer and counterclaim.[3]

A constructive trust is an equitable remedy that courts may impose to prevent unjust enrichment. *See, e.g.*, *In re Bradley*, 501 F.3d 421, 432 (5th Cir. 2007) (applying Texas law); *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex. App. 2006, no pet.). Under Texas law, a court may impose a constructive trust when the claimant establishes that "(1) the debtor has committed actual fraud or has committed constructive fraud through the breach of a preexisting fiduciary or confidential relationship, (2) the debtor would be unjustly enriched by retaining the proceeds of the wrong, and (3) there is a traceable res upon which to impress the trust." *Bradley*, 501 F.3d at 432. The decision whether to impose a constructive trust, however, remains within the discretion of the trial court. *Troxel*, 201 S.W.3d at 297.

The court declines for two reasons to grant Pollard's request for imposition of a constructive trust on the Beverly House. First, Pollard has failed to establish, or even to allege, that the Estate has committed actual or constructive fraud.

Second, the imposition of a constructive trust is unnecessary because there is no risk that the Estate will be unjustly enriched. The court has already held that Pollard owns a one-half community

---

[3]Despite the imprecise language of the counterclaim, the court has held that it should be interpreted to cover only the Beverly House, not other marital property (including personal property). *See Estate of Merkel*, No. 3:06-CV-1891-D, order at 2-4.

property interest in the Beverly House, and that he is entitled to restitution of the deed he executed to the Beverly House. *Estate of Merkel*, 2008 WL 3152986, at *3. In its judgment filed today, the court also declares that Pollard has a homestead interest in the Beverly House. This judgment is sufficient to secure Pollard's interest in the Beverly House. Also, Pollard has filed *lis pendens* notices on the Beverly House, which further protect his interests in the property. Imposing a constructive trust on the Beverly House is therefore unnecessary.

For these reasons, the court declines to impose a constructive trust on the Beverly House, and it dismisses this component of Pollard's counterclaim with prejudice.[4]

III

The court next addresses the Estate's motion for reconsideration of the court's memorandum opinion and order denying the Estate's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *See Estate of Merkel v. United States*, 2008 WL 5378183 (N.D. Tex. Dec. 23, 2008) (Fitzwater, C.J.).

---

[4]In addition to denying the request for a constructive trust, the court also dismisses any other relief that Pollard may be seeking in ¶ 70 of his second amended answer and counterclaim for declaratory judgment. As the court explained in its January 13, 2009 order, in granting Pollard leave to amend, the court did not intend to increase the scope of his counterclaim to include property other than the Beverly House. *Estate of Merkel*, No. 3:06-CV-1891-D, order at 2-4.

In a December 23, 2008 memorandum opinion and order, the court denied the Estate's motion on the basis that the Estate did not show that the probate exception precluded the court from exercising subject matter jurisdiction over Pollard's counterclaim for imposition of a constructive trust. The Estate's motion to reconsider appears to rest on the premise that the court lacks subject matter jurisdiction to impose a constructive trust on personal property in the custody of a state probate court. In light of the court's January 13, 2009 order, which held that the counterclaim covers only the Beverly House and not any personal property, and today's decision confirming that order, *see supra* note 3, the court denies the Estate's motion for reconsideration as moot.[5]

IV

The court now turns to the Estate's motion to stay Pollard's counterclaims, and it denies the motion as moot.

The Estate moves the court to stay the counterclaim Pollard asserts in ¶ 70 of his second amended answer and counterclaim, in which Pollard seeks imposition of a constructive trust. Alternatively, the Estate seeks severance of the counterclaim. Because the court is dismissing this counterclaim with prejudice,

---

[5]To the extent the Estate's motion for reconsideration could be interpreted to argue that the court does not have subject matter jurisdiction over Pollard's counterclaim as it applies to the Beverly House, the court holds that it does have subject matter jurisdiction.

*see supra* § II, the Estate's motion is denied as moot.

V

Finally, the court addresses the Estate's second motion for reconsideration of the court's ruling on summary judgment.

For a second time, the Estate moves the court to reconsider its holding that Pollard and Marie A. Merkel ("Merkel") were not divorced prior to Merkel's death. *See Estate of Merkel*, 2008 WL 3152986, at *2-*3, *reconsideration denied,* 2008 WL 3152974, at *1-*3. Specifically, the Estate contends that the court committed a manifest error of law in holding that, when the Texas court of appeals reversed and remanded the trial court's judgment,[6] the general reversal and remand applied both to the portion of the judgment dissolving the marriage and to the portion of the judgment dividing the property. The Estate argues that, because the property division was the only part of the trial court's judgment attacked on appeal, the dissolution of the marriage remained final when the court of appeals reversed and remanded the trial court's judgment.

In support of its argument, the Estate relies on an unpublished, *per curiam* court of appeals opinion, *In re Chaisson*, 2001 WL 1588126 (Tex. App. Dec. 13, 2001) (per curiam) (not designated for publication), which it cites for the first time in

---

[6]The Texas court of appeals opinion at issue is *Pollard v. Merkel*, 1999 WL 72209 (Tex. App. Feb. 12, 1999, no pet.) (not designated for publication).

this its *second* motion for reconsideration and *third* brief on this issue. The court acknowledges that *Chaisson* appears to support the Estate's position. But the court declines to reconsider its prior rulings based on *Chaisson*.

Under Tex. R. App. P. 47.7, Texas courts of appeals opinions not designated for publication have no precedential value. Therefore, *Chaisson* is not even binding precedent in the court of appeals that decided it, much less a statement of Texas law that a federal court is obligated to follow. Moreover, *Chaisson* is a one-paragraph, *per curiam* opinion that contains very little analysis. In the memorandum opinions and orders that the Estate moves this court to reconsider, the court has relied on published, more extensively reasoned opinions of Texas courts of appeals and of the Supreme Court of Texas. Accordingly, the court denies the Estate's second motion for reconsideration of the court's ruling on summary judgment.

VI

For the reasons explained, the court dismisses Pollard's counterclaim seeking imposition of a constructive trust on the Beverly House, and it denies the following motions filed by the Estate: December 30, 2008 motion for reconsideration of plaintiff's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, as supplemented by a January 6, 2009 filing; January 6, 2009 motion to

stay defendant's counterclaims; and January 6, 2009 second motion for reconsideration of the court's ruling on summary judgment. By judgment filed today, the court dismisses the Estate's actions against defendants United States of America and Pollard with prejudice.[7]

The court enters judgment declaring that Merkel and Pollard were not divorced by the Decree of Divorce Judgment entered January 30, 1996 in Cause No. 92-2980-Z, by the 256th District Court, Dallas County, Texas; that Merkel and Pollard were not divorced by the Amended Divorce Decree Judgment entered May 7, 2001 in Cause No. 92-2980-Z, by the 256th District Court, Dallas County, Texas; that Merkel and Pollard were legally married on October 10, 2004, the date of Merkel's death; that Pollard owns a one-half community property interest in the Beverly House; and that Pollard has a homestead interest in the Beverly House. The court awards Pollard restitution of the special warranty deed to the Beverly House that he executed on May 3, 2001 in response to the Amended Divorce Decree. The court also awards Pollard his taxable costs of court,

---

[7]The Estate requests that the court quiet title to the Beverly House, establish that Pollard has no interest in the Beverly House, and establish that the Beverly House is not subject to any federal tax liens against Pollard or his property, and it seeks attorney's fees and costs. In view of the court's rulings and the jury verdict, the Estate is not entitled to any of this requested relief.

but it otherwise denies the remaining relief that Pollard seeks.[8] Pollard may apply for an award of attorney's fees under the procedure established in Fed. R. Civ. P. 54(d)(2).

**SO ORDERED.**

February 4, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[8]Defendant United States of America does not seek affirmative relief in this litigation, but it is entitled to recover its taxable costs of court from the Estate.