IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ESTATE OF MARIE A. MERKEL,         §
MATTHEW R. POLLARD,                §
Independent Executor,              §
                                   §
                        Plaintiff, §
                                   § Civil Action No. 3:06-CV-1891-D
VS.                                §
                                   §
UNITED STATES OF AMERICA and       §
RUPERT M. POLLARD,                 §
                                   §
                       Defendants. §

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff Rupert M. Pollard ("Pollard") seeks an award of attorney's fees from plaintiff-counterdefendant Estate of Marie A. Merkel ("the Estate") pursuant to Fed. R. Civ. P. 54(d)(2) and 28 U.S.C. § 2412. For the reasons that follow, the court denies the motions.

I

Because the court has written several opinions in this case, it need not recount the background facts and procedural history at length. *See, e.g.*, *Estate of Merkel v. United States*, 2008 WL 3152986, at *1 (N.D. Tex. July 29) ("*Merkel I*"), *reconsideration denied*, 2008 WL 3152974 (N.D. Tex. Aug. 6, 2008) (Fitzwater, C.J.), *appeal docketed*, No. 09-10203 (5th Cir. Mar. 10, 2009). The Estate brought this action—which is essentially an offshoot of a protracted divorce litigation—against Pollard and defendant United States of America ("the government") to quiet title to certain real

property——the "Beverly House."[1]   The Estate sought a declaratory judgment establishing that Pollard had no interest in the Beverly House because he and his late wife, Marie A. Merkel ("Merkel"), were legally divorced at the time of her death, and because Pollard had deeded his interest in the Beverly House to Merkel.   Pollard counterclaimed for a declaratory judgment that he and Merkel were in fact married at the time of her death; that the deed was invalid; that, as Merkel's surviving spouse, he owned a one-half community property interest in the Beverly House; and that he was entitled to homestead rights in the property.   Pollard also sought the imposition of a constructive trust on the Beverly House and restitution of a special warranty deed to the Beverly House that he had executed in response to a state-court divorce decree that was reversed on appeal.

In *Merkel I* the court granted partial summary judgment in Pollard's favor, holding that Pollard and Merkel were still married at the time of her death and that Pollard thus owned a one-half community property interest in the Beverly House.   *Merkel I*, 2008 WL 3152986, at *2-*3.   The court also held that Pollard was entitled to restitution of the special warranty deed to the Beverly House.   *Id.* at *3.   The parties later tried to a jury the Estate's

---

[1]The Estate sued the government because it had filed multiple tax liens against the Beverly House based on Pollard's tax liabilities.   The claim against the government and the government's involvement in this case are irrelevant to the present motions for attorney's fees.

- 2 -

affirmative defense that Pollard had abandoned his homestead interest in the Beverly House.[2]   The jury returned a verdict in Pollard's favor, finding that the Estate failed to prove abandonment.

Based on the court's opinions deciding various motions, and on the jury verdict, the court entered judgment declaring that Merkel and Pollard were legally married on the date of Merkel's death, that Pollard owns a one-half community property interest in the Beverly House, and that Pollard has a homestead interest in the Beverly House.   The court awarded Pollard restitution of the special warranty deed that he had executed to the Beverly House, but it denied Pollard's request to impose a constructive trust on the Beverly House and otherwise denied the relief that he sought.

Pollard now moves in two separate motions for attorney's fees under Rule 54(d)(2) and 28 U.S.C. § 2412.[3]   The first motion seeks

---

[2]Although the Estate is the plaintiff, it asserted an affirmative defense to Pollard's declaratory judgment counterclaim asserting homestead rights in the Beverly House.

[3]Section 2412 is part of the Equal Access to Justice Act ("EAJA").   "Under the [EAJA], a party that prevails against the United States is generally entitled to attorney's fees unless the United States' position was 'substantially justified' or 'special circumstances make an award unjust.'"   *Hexamer v. Foreness*, 997 F.2d 93, 93-94 (5th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)). Although Pollard cites the EAJA in the introductory paragraphs of his motions, he does not mention it again in his briefing, and he does not appear to seek attorney's fees from the government.   Even if Pollard were seeking attorney's fees under the EAJA, he is not entitled to them because he did not prevail against the government, much less show that the government's position was not substantially justified.

- 3 -

fees for services rendered by the contract attorneys who assisted Pollard in the pretrial phases of this case and by Dennis Olson, Esquire, who represented Pollard at trial.  The second motion seeks fees for legal services that Pollard rendered as a *pro se* litigant who is a licensed attorney.[4]  Pollard maintains that he is entitled to recover attorney's fees based on (1) the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202; (2) §§ 37.004 and 37.009 of the Texas Declaratory Judgments Act ("TDJA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (Vernon 2008); (3) Tex. Civ. Prac. & Rem. Code Ann. § 38.001(3) and (8) (Vernon 2008); and (4) equitable principles (the law of restitution and quasi-contract, and based on the contentions that the Estate brought the lawsuit in bad faith and that it was vexatious).[5]  The court holds that none of these statutes or principles entitles Pollard to recover attorney's fees.  Because the court denies Pollard's requests for attorney's fees for reasons applicable to both motions, the court will discuss them together.

---

[4]Although the record reflects that Pollard primarily engaged in the practice of medicine, he is also licensed to practice law in Texas.

[5]In his February 18, 2009 motion, Pollard states that he seeks fees based on the court's February 4, 2009 memorandum opinion and order.  That opinion does not support an award of attorney's fees for Pollard.

II

A

Pollard first seeks an award of attorney's fees based on the DJA, 28 U.S.C. §§ 2201 and 2202.

"Section 2201, which authorizes federal courts to grant declaratory relief, plainly does not grant a right to fees." *Self-Insurance Inst. of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995). Section 2202 of the DJA provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment." But § 2202 "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (quoting *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988)). "[A]ttorney's fees are recoverable by such a litigant [under § 2202] only where they are recoverable under non-declaratory judgment circumstances." *Mercantile Nat'l Bank*, 850 F.2d at 216. This means that such a recovery "is confined to two situations: (i) where, under the restrictive American rule attorney's fees are allowed; and (ii) where controlling substantive law permits recovery." *Id.*

Pollard cannot establish that he is entitled to fees under the restrictive American Rule. "Federal courts follow the American

- 5 -

Rule in the absence of fee-shifting congressional legislation."
*Utica Lloyd's of Tex.*, 138 F.3d at 210 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  Pollard cites no applicable fee-shifting congressional legislation.  Nor, for reasons that the court explains below, *see infra* § II(B)-(D), can Pollard show that he is entitled to recover under other controlling substantive law.[6]

B

Pollard contends that two different state laws support an award of attorney's fees.  First, he cites the TDJA, and, specifically, §§ 37.004 and 37.009.  The TDJA does not authorize the court to award fees directly based on the TDJA or derivatively through the DJA.

The TDJA does not of itself authorize an award of attorney's fees because "it functions solely as a procedural mechanism" and therefore does not apply in diversity cases or in federal question cases.  *Utica Lloyd's of Tex.*, 138 F.3d at 210 (rejecting contention that § 37.009 of TDJA authorized recovery of attorney's fees); *see also Bank One Tex. NA v. Patterson*, 121 F.3d 704, 1997 WL 450116, at *1 (5th Cir. 1997) (per curiam) (unpublished opinion)

---

[6]The court recognizes that attorney's fees are appropriate under § 2202 in "cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action." *Allstate Ins. Co. v. Mader*, 201 Fed. Appx. 261, 264 (5th Cir. 2006) (per curiam) (quoting *Mercantile Nat'l Bank*, 850 F.2d at 218).  But as the court explains *infra* at § II(D), Pollard has not demonstrated that he is entitled to recover fees on this basis.

(holding that TDJA functions solely as procedural mechanism and that Texas procedure does not govern federal question cases in federal courts).

Nor does the TDJA authorize a fee award derivatively through the DJA.  Although under the DJA a party may recover attorney's fees where "controlling substantive law" permits such a recovery, the TDJA "is neither substantive nor controlling." *Self-Insurance Inst. of Am.,* 53 F.3d at 697.

C

Pollard contends, second, that Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008)──specifically § 38.001(3) and (8)──authorizes a recovery of attorney's fees.  This statute provides, *inter alia*, that a person may recover attorney's fees "if the claim is for . . . (3) furnished material . . . or (8) an oral or written contract." *Id.* § 38.001.  Pollard made no claim in this case for furnished material, so § 38.001(3) is inapposite.  Similarly, Pollard did not assert claims for an oral or written contract.  Pollard prevailed on declaratory judgment claims that did not involve a breach of contract.  Pollard argues that the judgment in this case "sounds in contract" because he received restitution of the deed to the Beverly House, and restitution is a remedy that "sounds in contract."  Although the court granted Pollard restitution of the special warranty deed, it did so based on a holding that Pollard and Merkel were not divorced at the time

of Merkel's death, and that the deed should be returned to Pollard pursuant to principles laid out in the Restatement of Restitution. *See Merkel I*, 2008 WL 3152986, at *3. The court did not grant restitution based on the breach of a contractual duty or obligation by the Estate, nor were Pollard's claims based on such a breach. *See Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 582 (5th Cir. 1986) (holding that essential element of attorney's fees award under § 38.001 "is the existence of a duty or obligation which the opposing party has failed to meet" (quoting *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983))). Pollard has cited no Texas cases, and the court has found none, that have awarded attorney's fees under § 38.001(8) simply because the remedy of restitution was granted to a party. Pollard has not shown that he prevailed on a claim for an oral or written contract, and he is not entitled to recover attorney's fees under § 38.001(8).

D

Pollard also requests a fee award under equitable principles. "Attorney's fees are appropriate under § 2202 in 'cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action.'" *Allstate Ins. Co. v. Mader*, 201 Fed. Appx. 261, 264 (5th Cir. 2006) (per curiam) (quoting *Mercantile Nat'l Bank*, 850 F.2d at 218). Federal courts also have a limited, inherent power to impose sanctions against a vexatious litigant. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir.

- 8 -

2002).   The Supreme Court has held that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks and citations omitted).   The imposition of sanctions using the court's inherent power should be reserved for situations in which the court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* at 46 (quoting *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)).

Despite Pollard's bald assertions to the contrary, the court finds that the Estate's conduct did not amount to bad faith, vexation, wantonness, or oppression.   There is no indication that the Estate has acted oppressively, wantonly, or in bad faith.   Nor were the Estate's claims or defenses vexatious.   If anything, the Estate presented questions of law and fact that reasonably required resolution by the court or by a jury.   Accordingly, the court declines to assess attorney's fees under § 2202 or its inherent power to impose sanctions.

\*       \*       \*

For the foregoing reasons, the court denies Pollard's February 18, 2009 and February 27, 2009 motions for attorney's fees.

**SO ORDERED.**

July 9, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE